(25 App. Div. 133.)

### FURMAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. January 18, 1898.)

DAMAGES—PERSONAL INJURIES.
In an action to recover damages for injuries resulting from defendant's negligence, it appeared that at the time of the accident plaintiff was 56 years old, and had been engaged on and off for 30 years in the produce commission business, making from $1,200 to $1,500 a year. The business occupied only half the year, and he was temporarily acting as a conductor for defendant, "simply to fill up the winter months," and for such work received $2 a day. His leg was broken in four places; he was confined to his bed for three months; and the injuries sustained practically deprived him permanently of the power to earn a living. *Held*, that a verdict in his favor for $9,000 was not excessive.

Appeal from trial term, Kings county.

Action by Robert H. Furman against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles A. Collin, for appellant.
Charles J. Patterson, for respondent.

WILLARD BARTLETT, J. The only ground upon which we are asked to reverse the judgment in this case is that the amount of the verdict ($9,000) is excessive. I have carefully read all the evidence bearing upon the character and extent of the injuries suffered by the plaintiff. He is a man who was 56 years old in May, 1895, when the accident occurred. He had then been employed a little more than three months as a conductor in the service of the defendant corporation, from which he received $2 a day. Prior to that time he had been engaged in the produce business at Washington Market, buying and selling vegetables on commission, between June and November, "off and on for thirty years." He thus earned $1,200 in 1894, and between $1,200 and $1,500 in the year previous. He resorted to other occupations in the winter, as he could not carry on his kind of marketing at that season. When he became a conductor for the defendant, it was "simply to fill up the winter months," and not with any intention of going permanently into the railroad business.

The principal injury was the fracture of the plaintiff's right leg, which was broken between the knee and the ankle in four places. There were three breaks in the tibia, or main bone, of the leg, and there was one in the smaller bone. The plaintiff was confined to his bed three months, and he says it was five months before he could go anywhere. At the time of the trial, he was able to get along with one crutch and a cane, but swore that he had pain all the time. In the union of the bone at the place of one fracture, there was a slight overlapping, which has made the leg a little short. The plaintiff's physician testified that the leg was weak; that the muscles have atrophied, so that the man is apparently

unable to put his heel firmly upon the ground, and support his weight upon the foot; and that he regarded this condition as a permanent one. The plaintiff himself testified that he had not been able to do any work at all since the collision in which his leg was crushed; and the proof on this branch of the case impresses me with the idea that the injuries sustained by the plaintiff have practically deprived him of the power to earn a living. In view of what the evidence permitted the jury to find as to his earning capacity before the accident, the permanent character of the injury, and the pain which the plaintiff has suffered, and seems likely to continue to suffer, I am not prepared to hold that the verdict was too large. The testimony of the plaintiff's physician may be accepted without hesitation, as the defendant called no medical expert in opposition.

I think we should affirm the judgment. All concur.